UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BABAKITIS,<br><br>                Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>               Respondent. | Case No. CV 10-6671-DMG (JEM)<br><br>AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

      This Amended Report and Recommendation is submitted to the Honorable Dolly M. Gee, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

      On August 22, 2010, James Babakitis ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition").[1] On October 25, 2010,

---

[1] Although the Court filed the Petition on September 8, 2010, the Petition was signed and verified by Petitioner on August 22, 2010. Under the "mailbox rule," an incarcerated pro se prisoner's pleading is deemed filed at the moment it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988); see also Miles v. Prunty, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999) (extending the "mailbox rule" to habeas petitions filed under AEDPA). The Court will assume for purposes of deciding this Motion that Petitioner constructively filed each of his habeas petitions on the date the petition or its proof of service was signed.

Respondent filed a Motion to Dismiss the Petition.  On November 1, 2010, Petitioner filed an Opposition to the Motion to Dismiss ("Opposition").  Respondent did not file a Reply to the Opposition.

On December 6, 2010, the Court filed a Report and Recommendation of United States Magistrate Judge, recommending that the Petition be dismissed as untimely.  On December 15, 2010, Petitioner filed Objections to the Report and Recommendation ("Objections"), in which he asserted for the first time that he was entitled to equitable tolling.  On January 5, 2011, the Court issued an Order for further briefing.  On January 26, 2011, Respondent filed a Response to the Objections ("Response").  On February 4, 2011, Petitioner filed a Reply to the Response ("Reply").

The Motion to Dismiss is ready for decision.  For the reasons set forth below, the Court recommends that the Motion to Dismiss be granted and the Petition be dismissed as untimely and for failure to exhaust state remedies.

## BACKGROUND

On March 9, 2009, in Los Angeles County Superior Court case number KA085518, Petitioner pled no contest to evading a police officer in a vehicle, with willful disregard for the safety of others (Cal. Veh. Code § 2800.2(a)).  That same day, Petitioner was sentenced to a term of six years in state prison.  (Lodged Doc. 1.)  Petitioner did not appeal.[2]

On April 22, 2009, Petitioner constructively filed a Declaration in Support of Request to Recall Sentence pursuant to Cal. Penal Code § 1170(d), which was denied on April 28, 2009. (Opposition, Ex. 1 and 2.)

On May 26, 2009, Petitioner constructively filed a habeas petition in the California Court of Appeal (case no. B216512).  (Lodged Doc. 2.)  On June 16, 2009, the petition was denied for procedural reasons, with discussion and citation to In re Clark, 5 Cal.4th 750, 799 (1993), People v. Beebe, 216 Cal. App. 3d 927, 932 (1989), People v. Borland, 50 Cal. App. 4th 124,

---

[2] Although Petitioner states in the Petition that he appealed the judgment of conviction (Petition at 1), he refers to case number B216512, which was a state habeas petition.

127-29 (1996), and People v. Cepeda, 49 Cal. App. 4th 1235, 1238-40 (1996). (Lodged Doc. 3.)

On June 27, 2010, Petitioner constructively filed a petition for review of the state habeas denial in the California Supreme Court (case no. S184148), which was denied without discussion or citation to authority on August 18, 2010. (Lodged Docs. 4, 5.)

Petitioner constructively filed the instant Petition on August 22, 2010.

## DISCUSSION

### I. This Action Should Be Dismissed As Untimely

#### A. Applicable Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. § 2244 to provide a one-year statute of limitations governing habeas petitions filed by state prisoners:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Most federal habeas petitions challenging state court convictions are governed by 28 U.S.C. § 2244(d)(1)(A), which allows a petitioner one year from the date his conviction becomes final to file his federal habeas petition. There is nothing before the Court to indicate that 28 U.S.C. § 2244(d)(1)(B)-(D) would apply and trigger a later start date for the limitations period.

Accordingly, pursuant to § 2244(d)(1)(A) the limitations period began to run when Petitioner's conviction became final on May 8, 2009, when his time to file an appeal expired sixty days after sentencing.[3] Cal. R. Ct. 8.308(a); Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (state conviction and sentence become final for purposes of retroactivity analysis when availability of direct appeal to the state courts has been exhausted and time for filing petition for a writ of certiorari has elapsed or timely filed petition has been denied). The statute of limitations began to run the next day and was set to expire one year later, on May 8, 2010. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). The Petition was constructively filed on August 22, 2010, more than three months after the statute of limitations expired. Accordingly, absent sufficient tolling, the Petition is untimely.

**B.    Tolling**

Petitioner has the burden of demonstrating that he is eligible for statutory or equitable tolling of the statute of limitations. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005);

---

[3] Petitioner was convicted and sentenced on March 9, 2009. This was an appealable order and, pursuant to Cal. R. Ct. 8.308(a), Petitioner had sixty days to file a notice of appeal. However, Petitioner did not file a notice of appeal. Rather, on April 22, 2009, he constructively filed a Declaration in Support of Request to Recall Sentence pursuant to Cal. Penal Code § 1170(d) ("Request"), which was denied by the Los Angeles County Superior Court on April 28, 2009. This was a non-appealable order under California law. People v. Pritchett, 20 Cal. App. 4th 190, 193-94 (1993); People v. Gainer, 133 Cal. App. 3d 636, 641-42 (1982). Under AEDPA, a judgment becomes "final," and the limitations period commences, with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the denial of the Request was not an order from which an appeal could be taken and it did not affect the date on which Petitioner's conviction and sentence became final. It was the judgment of conviction and sentence that triggered Petitioner's time to appeal.

Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (overruled on other grounds by Pace); Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993). For the reasons discussed below, the Court finds that Petitioner has not met his burden of showing that he is entitled to sufficient tolling, and the Petition is untimely.

### 1.     Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review." The statute of limitations is not tolled between the time the petitioner's conviction becomes final on direct review and the time the next state collateral challenge is filed because there is no case "pending" during that time. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). A petitioner also is not entitled to statutory tolling for a state court petition that is filed after the one-year limitations period already has expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (filing a state habeas petition after the AEDPA statute of limitations had expired "resulted in an absolute time bar").

The statute of limitations began to run on May 8, 2009, sixty days after the entry of judgment, when Petitioner's time to appeal expired and his conviction became final. See 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.308(a); Caspari, 510 U.S. at 390. Petitioner's Declaration in Support of Request to Recall Sentence pursuant to Cal. Penal Code § 1170(d) ("Request") was constructively filed on April 22, 2009, and denied on April 28, 2009, before Petitioner's conviction became final. Accordingly, even if the Request was a properly filed application for State post-conviction review under § 2244(d)(2), it would not trigger statutory tolling because the limitations period had not commenced.

Petitioner constructively filed a habeas petition in the California Court of Appeal on May 26, 2009. At that time, 18 days of the limitations period had elapsed and 347 remained. The limitations period was tolled until the petition was denied on June 16, 2009, and expired 347 days later, on May 29, 2010. When Petitioner constructively filed his petition for review in the

California Supreme Court on June 27, 2010, the limitations period already had expired and could not be reinitiated. See Ferguson, 321 F.3d at 823.

### 2. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling based on lack of access to the law library at various institutions. A review of the record demonstrates that Petitioner did not pursue his rights diligently and that lack of law library access did not prevent Petitioner from timely filing his petitions.

#### a. Legal Standards for Equitable Tolling

A petitioner is entitled to equitable tolling of the statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418). A petitioner is required to have acted with "reasonable diligence," rather than "maximum feasible diligence." Id. at 2565. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner must show that the alleged "extraordinary circumstances" were the "'cause of [the] untimeliness.'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (brackets in original; quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). The threshold necessary to trigger equitable tolling "is very high, lest the exceptions swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (citations and internal quotations omitted). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003)).

Restricted access to the prison law library is not an "extraordinary circumstance" that necessarily triggers equitable tolling because it is a normal condition that all prisoners must endure for their own safety and for the efficient management of the correctional facility. See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (recognizing that the lack of access to

library material does not automatically qualify as grounds for equitable tolling).  Only if the petitioner makes a specific showing regarding the inadequacies of the prison library, his need for the library, and diligence in pursuing habeas relief is further inquiry required.  See Roy, 465 F.3d at 974.  "[O]rdinary prison limitations on access to the law library" do not amount to extraordinary circumstances or make it impossible to file a petition on time.  Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009); see also Lewis v. Casey, 518 U.S. 343, 351 (1996) (lack of law library access not necessarily an unconstitutional impediment; inmate must show lack of access caused an actual harm or actually prevented him from exercising right to access courts); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (prisoner's pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"); Flores v. Kane, 397 Fed. Appx. 337, 338 (9th Cir. 2010) (citing Ramirez).

### b.    Petitioner Is Not Entitled to Equitable Tolling

The record here does not support Petitioner's claim for equitable tolling.  Petitioner waited over a year (376 days) to file his petition for review in the California Supreme Court.  A review of that petition demonstrates that it did not require *any* law library access to complete.  The petition is a half page long and is devoid of facts and legal arguments.  It simply states that Petitioner is requesting review of the Court of Appeal's decision in order to exhaust state remedies and attaches a copy of the Court of Appeal's one paragraph order.  It is clear that Petitioner did not require access to the law library in order to prepare this document.

The record before the Court, including Petitioner's own statements, further demonstrate that Petitioner's late filing was not caused by lack of sufficient law library access.  Prison records show that Petitioner was housed in the Los Angeles County jail until April 3, 2009. (Respondent's Response to Objections ("Response"), Ex. A at 2.)  Petitioner alleges that there was no law library at the jail. (Objections at 1.)  However, this is irrelevant since Petitioner's conviction did not become final until May 9, 2009, after Petitioner had been transferred from the jail.

1    On April 3, 2009, Petitioner was transferred to North Kern State Prison ("NKSP"), where
2 he alleges he "was only able to go to the law library . . . once a month if that" due to
3 lockdowns.  (Objections at 1-2; see Reply, Ex. A at 1.)  He then alleges that he went to the law
4 library twice during the five-month period that he was housed at NKSP, and he used those
5 visits to prepare his Request to Recall Sentence (April 2009) and California Court of Appeal
6 habeas petition (May 2009).  (Objections at 2.)  Prison records demonstrate that, contrary to
7 his bare assertions, there were no lockdowns in Petitioner's housing units during the time he
8 was at NKSP.  (Response, Horn Dec. at ¶ 3.)  Thus, even if Petitioner needed law library
9 access to file his habeas petition, he had sufficient and routine access for at least two months
10 after the California Court of Appeal denied his habeas petition.  (Id.)  Petitioner's vague
11 assertions that he "was not allowed to go to the law library on several occasions" (Petitioner's
12 Reply to Response to Objections ("Reply") at 2), including when protective custody inmates
13 were there (id. at 3), demonstrate only that Petitioner was subject to ordinary prison limitations
14 on law library access, which do not trigger equitable tolling.  Moreover, Petitioner does
15 acknowledge that he was able to go to the law library "once a month" while he was housed at
16 NKSP.  (Objections at 1-2.)
17    On August 28, 2009, Petitioner was transferred to Kern Valley State Prison ("KVSP").
18 Contrary to his assertion that KVSP had no law library at all (Objections at 2), Petitioner did
19 have access to legal materials while at that prison.  Petitioner was housed in KVSP from
20 August 28, 2009, to December 3, 2009.  (Response, Adams Dec. at ¶ 2.)  KVSP law library
21 policy allowed Petitioner to request legal materials for direct delivery during the entire time he
22 was housed at KVSP.  (Response, Olsen Dec. at ¶¶ 2, 4.)  Although KVSP law library files
23 show that Petitioner never made any requests for legal materials (Id. at ¶ 3), Petitioner claims
24 he made one request regarding the three cases cited in the California Court of Appeal's order,
25 but he "never heard back from them."  (Reply at 4.)  Even assuming that Petitioner's
26 statements are true, making one request for legal materials over a three month period does not
27 demonstrate diligence.
28

On December 3, 2009, Petitioner was transferred to the Sierra Conservation Center ("SCC"), where he alleges his access to the law library was "precluded" due to lockdowns and staff shortages. (Objections at 2; see Response, Ex. A at 2.) Despite evidence that Petitioner did have regular access to the law library during the seven months he was housed at SCC before he filed his California Supreme Court petition (Response, Pena Dec. at ¶¶ 2-3), Petitioner insists he never was allowed access. (Reply at 5-6.) Even assuming Petitioner's assertion is true, his own statements further prove that he did not need the law library to file his petition for review. Petitioner acknowledges that he was able to file the petition after consulting with another inmate at SCC. (Id. at 6.) Petitioner's lack of diligence in pursuing his rights accounts for the late filing of his state and federal petitions, not the lack of law library access.

Petitioner's claim for equitable tolling is without merit because the records show: (1) Petitioner did have sufficient law library access; (2) Petitioner did not pursue his rights diligently by seeking law library access or other assistance; and (3) the petition for review required no law library access at all and, therefore, lack of law library access did not prevent timely filing. Petitioner has failed to meet his burden of establishing that he is entitled to equitable tolling.

**C.     Conclusion**

Petitioner's conviction became final on May 8, 2009, and the statute of limitations began to run the next day. When Petitioner constructively filed his first state habeas petition on May 26, 2009, 18 days of the limitations period had elapsed and 347 days remained. The limitations period was tolled until the petition was denied on June 16, 2009, and expired 347 days later, on May 29, 2010. Petitioner is not entitled to equitable tolling. Thus, the Petition was untimely when it was filed on August 22, 2010.

**II.    This Action Should Be Dismissed For Failure to Exhaust State Remedies**

**A.     Applicable Law**

As a matter of comity, a federal court will not grant habeas relief to a petitioner held in state custody unless she has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518-22

(1982). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before these claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust available state remedies before seeking federal habeas relief).

Exhaustion requires that the petitioner's contentions be "fairly presented" to the state courts and disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been "fairly presented" unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which the claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Thus, a claim is unexhausted where the petitioner did not fairly present either the factual or the legal basis for the claim to the state's highest court. See Picard v. Conor, 404 U.S. 270, 275 (1971).

Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972); Werts v. Vaughn, 228 F.3d 178, 192 (3rd Cir. 2000). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 2000) (quoting Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993)).

A petition containing solely unexhausted claims is subject to immediate dismissal. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (district court obligated to dismiss petition containing no exhausted claims); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)

("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust).

### B. All of Petitioner's Claims Are Unexhausted

Petitioner did not fairly present any of his claims to the California Supreme Court. The petition for review consists of a single handwritten page, devoid of facts or legal arguments, to which a copy of the California Court of Appeal's single page order is attached. (Lodged Doc. 3.) Nowhere in the petition or its attachment does Petitioner articulate a single legal claim, much less explain the factual basis for such a claim. (Id.) Thus, Petitioner did not describe to the California Supreme Court both the operative facts and the federal legal theory on which his claims are based. Duncan v. Henry, 513 U.S. at 365-66; Picard, 404 U.S. at 275. Accordingly, all of Petitioner's claims are unexhausted, and the Petition must be dismissed. See Jiminez, 276 F.3d at 481. The dismissal is with prejudice because any later-filed petition would be barred by the AEDPA statute of limitations. See supra, Section I; see also Duncan v. Walker, 533 U.S. 167, 172, 181-82 (2001) (one-year statute of limitations not tolled during pendency of federal habeas petition).[4]

### RECOMMENDATION

**IT, THEREFORE, IS RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Amended Report and Recommendation; (2) granting Respondent's Motion to Dismiss the Petition; and (3) directing that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: May 27, 2011

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

---

[4] Respondent also argues that the Petition should be dismissed without prejudice for failure to name a proper respondent. Because the Court has concluded that the Petition is untimely and unexhausted and should be dismissed with prejudice, it is unnecessary to reach Respondent's other argument.

# **PROPOSED**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES BABAKITIS, | ) | Case No. CV 10-6671-DMG (JEM) |
|         Petitioner, | ) ) | |
|     v. | ) ) | ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| WARDEN, | ) ) | |
|         Respondent. | ) ) | |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Amended Report and Recommendation of the United States Magistrate Judge. The Court accepts and adopts the findings and recommendations of the Magistrate Judge.

      **IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss the Petition be granted and that Judgment be entered dismissing this action with prejudice.


DATED: _____

                                                                             DOLLY M. GEE
                                                        UNITED STATES DISTRICT JUDGE

# **PROPOSED**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BABAKITIS, </br></br>     Petitioner, </br></br>     v. </br></br> WARDEN, </br></br>     Respondent. | Case No. CV 10-6671-DMG (JEM) </br></br> **JUDGMENT** |

    In accordance with the Amended Report and Recommendation of the United States Magistrate Judge filed concurrently herewith,

    IT IS HEREBY ADJUDGED that this action is dismissed with prejudice.

DATED: _____

                                                                                   DOLLY M. GEE </br>
                                          UNITED STATES DISTRICT JUDGE